UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| OSARENMWINDA OJO SAMUEL, *Pro Se*, | Case No.: 5: 24 CV 493 |
| Plaintiff | |
| | JUDGE SOLOMON OLIVER, JR. |
| v. | |
| U.S. DEPARTMENT OF STATE, *et al.*, | MEMORANDUM OF OPINION AND ORDER |
| Defendants | |

*Pro Se* Plaintiff Osarenmwinda Ojo Samuel has filed a civil complaint in this case against the United States Department of State and the United States Consulate General in Lagos, Nigeria. (Doc. No. 1.) His statement of claim, in its entirety, states: "wrongful delay in the issuance of [an] immigration visa to [Plaintiff's son] Master Samson Osarenmwinda Ojo." (*Id*. at 5, ¶ III.) Plaintiff's complaint otherwise fails to allege any specific facts, assert any specific legal claim or claims, or refer to any specific legal authority or statute. For relief, he states he seeks to compel Defendants to set an appointment with his son to facilitate the issuance of an immigration visa and to pay him five thousand dollars. (*Id*. at 6, ¶ IV.)

**Standard of Review and Discussion**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the lenient treatment accorded *pro se* plaintiffs has limits. *See e.g., Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th

Cir.1996). *Pro se* litigants must still meet basic pleading requirements, and courts are not required to conjure allegations or create claims on their behalf. *See Erwin v. Edwards*, 22 Fed. App'x 579, 580 (6th Cir. 2001). Furthermore, federal courts are courts of limited jurisdiction and have a duty to police the boundaries of their jurisdiction in every case. "[A] district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion," including fee-paid complaints. *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir.1999).

Upon review, the Court finds that Plaintiff's complaint warrants *sua sponte* dismissal pursuant to *Apple v. Glenn*. The allegations in Plaintiff's complaint are so unclear, conclusory, and unsubstantial that they fail to establish this Court's subject-matter jurisdiction over any federal claim in the case. *See Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) (a court is not required to accept summary allegations or unwarranted conclusions in determining whether a complaint states a claim for relief).

Further, numerous federal courts have held that a U.S. citizen has no constitutionally-protected liberty interest in the adjudication of a non-citizen relative's visa application, as Plaintiff requests here. *See Niknam v. U.S. Dep't of State, et al.*, No. 23-cv-1380, 2024 WL 709636, at *5 (D. Col. Feb. 21, 2024 (citing cases). In addition, federal courts have repeatedly dismissed for lack of subject-matter jurisdiction actions brought under the Administrative Procedure and Mandamus Acts claiming unreasonable delay in adjudicating immigration visa applications and seeking to compel adjudication of an application on the basis that the State Department does not have a mandatory, non-discretionary duty to act on such applications. *Ali v.*

*U.S. Dep't of State, et al.*, 676 F. Supp.3d 460, 468-72 (E.D. N.C. 2023); *Niknam*, 2024 WL 709636, at *3; *Prince v. Blinken et al.*, No. 2: 23-cv-100, 2023 WL 5670158 (N.D. Ind. Aug. 31, 2023). As in these cited cases, Plaintiff has failed to demonstrate or allege facts plausibly demonstrating that Defendants here have a mandatory, non-discretionary duty to act on his son's visa application.

## Conclusion

Accordingly, for all of the foregoing reasons, Plaintiff's complaint is implausible, unsubstantial, and devoid of merit and is dismissed for lack of subject-matter jurisdiction pursuant to the Court's authority established in *Apple v. Glenn*, 183 F.3d 477. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

*/S/ SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE

June 25, 2024